UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JESSICA MARIE KLEGSTAD (Beske), | Case No. 26-CV-2793 (PJS/LIB) |
| Plaintiff, | |
| v. | ORDER |
| MATTHEW VIG, individually and in his official capacity as Sheriff, Kittson County Sheriff's Office; DAVID THOMPSON, in his official capacity as Chief Deputy, Kittson County Sheriff's Office; KELLY GUSTAFSON, in her official capacity as Deputy, Kittson County Sheriff's Office; KAITLYN BJORNSON, in her official capacity as Assistant Kittson County Attorney; TAMARA L. YON, in her official capacity as Judge, Ninth Judicial District; COREY A. HARBOTT, in his official capacity as Judge, Ninth Judicial District; SCOTT A. BUHLER, in his official capacity as First Assistant Polk County Attorney; BRUCE RINGSTROM, individually; DANE DeKREY, individually; KERRY KENNETH KLEGSTAD, individually; and KAYLA KLEGSTAD, individually, | |
| Defendants. | |

Plaintiff Jessica Marie Klegstad was charged in Polk County, Minnesota, with

third-degree drug possession and driving while impaired.  *See State v. Beske*, No. 60-CR-

24-766 (Minn. Dist. Ct.).  Attorney Bruce Ringstrom was, at one point, retained to represent Klegstad, but the attorney-client relationship broke down.  Klegstad's husband, Kerry Kenneth Klegstad,[1] had paid Ringstrom's retainer, part of which had not yet been exhausted when the attorney-client relationship ended.  Ringstrom returned the remaining funds via mail to Kerry.  The state alleges that Klegstad intercepted the check, altered it to make it seem as though the check had been issued for a far greater amount, forged Kerry's signature, and then deposited the falsified check. *See State v. Klegstad*, No. 35-CR-25-192 (Minn. Dist. Ct.).

A couple of weeks later, Kerry called Kittson County law-enforcement officials and invited them onto his property to conduct a search—specifically, a search of Klegstad's belongings.  The state alleges that drugs and drug paraphernalia were discovered, and Klegstad was charged with first-degree cannabis possession.  *See State v. Klegstad*, No. 35-CR-26-12 (Minn. Dist. Ct.).  All three of these criminal proceedings—the initial drug case; the case related to the check forgery; and the later drug case instigated by Kerry—are ongoing, as is the divorce proceeding filed by Klegstad shortly after Kerry invited law enforcement to search her property.

Klegstad has filed a sprawling 80-page complaint alleging that nearly every aspect of the three criminal proceedings against her has been permeated with illegality.

---

[1] For purposes of clarity, the Court will refer to Kerry Kenneth Klegstad by his first name while referring to plaintiff as Klegstad.

She alleges that the law-enforcement officials who conducted the investigations have violated her constitutional rights.  She alleges that the prosecutors have conflicts of interest that preclude their continued involvement.  She alleges that the judges have acted wholly outside their proper judicial capacities when they arrived at various decisions with which she disagrees.  She alleges that her former attorneys acted wrongfully when they refused to present arguments that she wanted them to present.  And she alleges that Kerry and his sister are ultimately behind all of this.  Klegstad brings claims against each of these defendants pursuant to 42 U.S.C. § 1983.

Klegstad did not pay the filing fee for this matter, instead applying for *in forma pauperis* ("IFP") status.  *See* ECF No. 2.  The Court has reviewed the IFP application and concludes that Klegstad qualifies financially for IFP status.  That said, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).  In reviewing whether a complaint states such a claim, the Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008).  Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its

3

face." *Id*. at 570.  In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Klegstad sues four groups of defendants, each alleged to have violated her constitutional rights in some way: (1) judges; (2) prosecutors; (3) law-enforcement officials; (4) and her former personal attorneys, her husband, and her husband's sister. The § 1983 claims brought against those defendants each fail for somewhat different reasons.

First, the judges: Klegstad herself seems to recognize that judicial immunity presents a major impediment to her seeking relief in federal court against the judges presiding over the prosecutions in state court.  *See* Compl. ¶ 58.  A litigant may not, as a general matter, sue a judge for actions taken in a judicial capacity.  *See Mireles v. Waco*, 502 U.S. 9, 10-12 (1991) (per curiam); *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). Klegstad attempts to get around judicial immunity by alleging that the judges were acting "in the clear absence of jurisdiction," Compl. ¶ 58, which, if true, would indeed be a basis upon which to conclude that judicial immunity did not apply, *see Mireles*, 502 U.S. at 12.  But Klegstad does not allege that the judges acted wrongly in the course of their administrative (rather than judicial) duties, or that the judges seized control of

4

proceedings over which they had no colorable authority, or anything like that. Instead, when Klegstad alleges that the judges acted "in the clear absence of jurisdiction," Compl. ¶ 58, she just means that she disagrees with some of their decisions. Judicial immunity is not so easily evaded; indeed, not even allegations of outright bad faith or malice are sufficient to overcome judicial immunity, so long as the actions being challenged are *judicial* actions. *See Mireles*, 502 U.S. at 11. Every decision that Klegstad challenges was a *judicial* decision.

Nor does it matter that Klegstad seeks only non-monetary relief from the judges. What Klegstad wants is a retroactive declaration that state-court judges have acted unlawfully during ongoing criminal proceedings against her. Claims for retrospective non-monetary relief are foreclosed by judicial immunity to the same degree as claims for monetary damages. *See Justice Network Inc. v. Craighead County*, 931 F.3d 753, 764 (8th Cir. 2019).

Second, Klegstad's claims against the prosecutors fail for similar reasons. Just as litigants generally cannot sue judges for decisions with which they disagree, litigants cannot sue prosecutors for "conduct related to initiating a prosecution and presenting the State's case." *Stockley v. Joyce*, 963 F.3d 809, 817 (8th Cir. 2020) (cleaned up); *accord Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). That describes the prosecutorial conduct that Klegstad challenges. In short, both the judges and the prosecutors named as defendants to this action are immune from suit.

Third, Klegstad's claims against law enforcement fall into two sub-categories. Klegstad sues two officers, David Thompson and Kelly Gustafson, solely in their official capacities as deputies of the Kittson County Sheriff's Office, and solely for declaratory and injunctive relief. *See* Compl. ¶¶ 7-8. The crux of these claims is that Thompson and Gustafson took various actions that (in Klegstad's view) violated her constitutional rights, and Klegstad's goal appears to be to procure an adjudication of that claim in federal court—so that she can then use her "win" in federal court as a defense to the criminal charges pending against her in state court.

"The *Younger* abstention doctrine, as it has evolved, provides that federal courts should abstain from exercising jurisdiction when (1) there is an ongoing state proceeding, (2) which implicates important state interests, and (3) there is an adequate opportunity to raise any relevant federal questions in the state proceeding." *Plouffe v. Ligon*, 606 F.3d 890, 892 (8th Cir. 2010); *cf. Younger v. Harris*, 401 U.S. 37 (1971). All three of those elements are present here. The prosecutions against Klegstad remain ongoing; criminal prosecutions are the paradigmatic example of proceedings that implicate important state interests; and Klegstad will have ample opportunity to argue within those proceedings—and on appeal, if necessary—that the alleged misconduct of Thompson and Gustafson necessitates the dismissal of the charges against her. Klegstad may not use the federal courts as an alternative forum for litigating defenses to

6

state charges, and at bottom, this is all that Klegstad seeks to accomplish through her claims against Thompson and Gustafson.

Klegstad's claims against a third law-enforcement official—Matthew Vig, the Kittson County Sheriff—fail partly for the same reasons. Klegstad seeks declaratory and injunctive relief from Vig that is barred by *Younger* while the prosecutions against Klegstad remain ongoing. Klegstad also brings claims for monetary damages against Vig in his personal capacity.[2] The problem with those claims is that, despite the suffocating length of her complaint, Klegstad's allegations with respect to Vig fail to state a claim on which relief may be granted.

For example, Vig is alleged to have personally directed Gustafson to travel to the Klegstad residence, where Kerry invited Gustafson to conduct the search that led to the third criminal prosecution against Klegstad. *See* Compl. ¶ 23. But even if this is true—and even assuming that the search was unlawfully conducted, which is by no means obvious from the complaint—it is not clear why Vig, who only dispatched another officer to the scene, would be responsible for an unlawful search conducted by that officer. Or, to cite another example, Klegstad alleges that she has been peppering Vig's

---

[2] To the extent that Klegstad seeks monetary relief from Vig in his official capacity as Kittson County Sheriff, the claim ultimately amounts to a claim against Kittson County itself. *See Brewington v. Keener*, 902 F.3d 796, 800-01 (8th Cir. 2018). Nowhere in the lengthy complaint, however, does Klegstad plausibly allege that Kittson County itself has done anything unlawful, such as through maintenance of an unlawful official policy or unofficial custom.

email account with exhibits containing "exculpatory evidence" and that those materials have not yet been disclosed to her by the prosecution as part of discovery in the criminal cases. *See* Compl. ¶¶ 70-71. Again, however, it is far from obvious why the failure of *prosecutors* to disclose to Klegstad putatively exculpatory evidence *that Klegstad herself provided* would be the fault of Vig or, for that matter, would violate Klegstad's rights. Klegstad has failed to plausibly plead that Vig himself did anything for which he can be held liable for monetary damages under § 1983.

Klegstad's remaining claims are brought against her former attorneys, her soon-to-be-former husband Kerry, and her soon-to-be-former sister-in-law. Each of Klegstad's claims is brought pursuant to § 1983. But "[o]nly a state actor can face § 1983 liability." *Doe v. North Homes, Inc.*, 11 F.4th 633, 637 (8th Cir. 2021) (citing *Youngblood v. Hy-Vee Food Stores*, 266 F.3d 851, 855 (8th Cir. 2001)). None of the remaining defendants are state actors. The fact that those defendants have interacted with law-enforcement officials and other state actors during the course of the proceedings against Klegstad does not (as Klegstad appears to believe) convert those defendants into state actors for purposes of § 1983. *See Wickersham v. City of Columbia*, 481 F.3d 591, 598 (8th Cir. 2007) ("[T]he mere invocation of state legal procedures, including police assistance, does not convert a private party into a state actor."). To the extent that relief outside of § 1983 might be available to Klegstad from the remaining defendants, she has not pleaded

8

such a claim, and if such a claim were to arise under state law, there is no reason to believe that the Court would have original jurisdiction over it.

For all of these reasons, this action is dismissed without prejudice in its entirety under § 1915(e)(2)(B).  Klegstad's pending IFP application and motion that service of process be effected by the U.S. Marshals Service are denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1.      This matter is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

2.      The application to proceed *in forma pauperis* of plaintiff Jessica Marie Klegstad [ECF No. 2] is DENIED.

3.      Klegstad's motion for service of process via U.S. Marshals Service [ECF No. 5] is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 24, 2026                           /s/ Patrick J. Schiltz
                                               Patrick J. Schiltz
                                               United States District Judge

9